UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIL KUMAR,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFERSON B. SESSIONS, III,<br><br>    Respondent. | No. 1:17-cv-01606-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

On December 4, 2017, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is an alien detainee who has been ordered removed from the United States. He challenges the order of removal issued by an immigration judge as well as a decision by the Ninth Circuit. The Court is without jurisdiction to consider Petitioner's claims concerning the order of removal. Therefore, the Court will recommend the petition be DISMISSED.

**DISCUSSION**

A.    <u>Preliminary Screening</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.      Lack of  Habeas Jurisdiction

Petitioner is currently detained at the Mesa Verde Detention Facility. (Doc. 1 at 1.[1]) The petition is unclear, but it appears he has been ordered removed and is currently detained pending removal. He first challenges an order of the immigration judge denying asylum. (Doc. 1 at 7.) He next challenges a dismissal for lack of jurisdiction by the Ninth Circuit Court of Appeals concerning a request for deferral under the Convention Against Torture treaty. (Doc. 1 at 7.) Finally, he challenges the denial of withholding of removal by the immigration judge. (Doc. 1 at 8.)

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner challenges the immigration judge's order of removal entered

---

[1] Page references are to ECF pagination.

against him as well as the dismissal of his petition by the Ninth Circuit.

The federal district court has no jurisdiction over collateral challenges to removal proceedings. A petition for review to the courts of appeal is the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. 8 U.S.C. § 1252.

Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" **include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title**, and review pursuant to any other provision of law (statutory or nonstatutory). (Emphasis supplied).

In addition, pursuant to § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . . ." Accordingly, to the extent that Petitioner is seeking judicial of his removal proceedings, the Court is without jurisdiction.

In addition, § 1226(e) prohibits judicial review of "[t]he Attorney General's discretionary judgment" regarding "the detention or release of any alien or the grant, revocation, or denial of bond or parole." Insofar as Petitioner requests judicial review of the decision whether or not to grant release on a bond pending removal, the Court is without jurisdiction.

Finally, since a district court is a lower court, this Court has no jurisdiction to review a decision of the Ninth Circuit Court of Appeals.

**ORDER**

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 11, 2017**         **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE